GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Danielle L. Manning (SBN 313272)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

GREENSTONE LAW APC
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
E-mail: mgreenstone@greenstonelaw.com

JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: (818) 630-7280
Facsimile: (888) 879-1697
E-mail: michael@jlglawyers.com

*Attorneys for Plaintiff John Luna*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LUNA, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>RENEWAL BY ANDERSEN LLC; ANDERSEN CORPORATION; JEMICO LLC d/b/a RENEWAL BY ANDERSEN OF SAN FRANCISCO, LONG ISLAND CUSTOM WINDOWS LLC D/B/A RENEWAL BY ANDERSEN OF LONG ISLAND, and MOORE HOLDINGS LLC.<br><br>        Defendants. | Case No.: 3:18-cv-07304-VC<br><br>**FIRST AMENDED COMPLAINT**<br><br>    1.  Violation of California Penal Code § 632.7<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

**INTRODUCTION**

1.      Plaintiff John Luna ("Plaintiff") brings this class action on behalf of himself and all others similarly situated against Renewal by Andersen LLC, Andersen Corporation, Jemico LLC d/b/a/ Renewal by Andersen of San Francisco, Long Island Custom Windows LLC d/b/a/ Renewal by Andersen of Long Island, and Moore Holdings LLC (collectively, "Andersen" or "Defendants") for the unauthorized recordings of conversations with Plaintiff and Class Members on their respective cellular telephones without their knowledge or consent.

2.      The California State Legislature has determined that California citizens' privacy rights are essential, and passed the California Invasion of Privacy Act, California Penal Code section 630 *et seq*. ("CIPA"), in 1967 in order to protect those rights.  In 1992, the California State Legislature added section 632.7 to CIPA in order to protect persons using cellular and cordless telephones, which were becoming increasingly more popular.

3.      Under section 632.7, a recording of any communication made during a telephone call where one of the parties is on a cellular telephone is prohibited unless all of the parties to the communication consent.  There is no requirement under section 632.7 that the communication be confidential.  Under section 637.2 a person whose communications have been recorded in violation of section 632.7 may bring a civil action for damages and injunctive relief.

4.      As detailed below, Plaintiff alleges that Andersen, an international window and door manufacturing company, has violated section 632.7 by routinely and intentionally recording conversations with consumers on their cellular telephones, without their knowledge or consent.

5.      Pursuant to sections 632.7 and 637.2, Plaintiff and Class Members are entitled to, *inter alia*, statutory damages and injunctive relief for Defendant's violations.

**PARTIES**

**Plaintiff:**

6.      Plaintiff is a resident of the County of Santa Clara, in the State of California.

**Defendant(s):**

7.      Defendant Andersen Corporation is a Minnesota corporation with its principal place of business located at 100 4th Avenue North, Bayport, Minnesota 55003.

FIRST AMENDED COMPLAINT                                          Case No.: 3:18-cv-07304-VC

1    8.    Defendant Renewal by Andersen LLC is a Minnesota limited liability company with its

2    principal place of business located at 551 North Main Street, Bayport, Minnesota 55003.

3    9.    Defendant, Jemico LLC d/b/a Renewal by Andersen of San Francisco is a Delaware

4    limited liability company with its principle place of business located at 30800 Santana Street, Hayward,

5    California 94544.

6    10.    Defendant Long Island Custom Windows LLC d/b/a Renewal by Andersen of Long

7    Island is a limited liability company with its principle place of business located at 80 State Street,

8    Albany, NY 12207.

9    11.    Defendant Moore Holdings LLC is a Delaware limited liability company with its

10   principle place of business located at 767 Fifth Ave. 15th Fl., New York, NY 10153.  On information

11   and belief Moore Holdings LLC is the  ultimate parent of Andersen Corporation and Renewal by

12   Andersen, LLC.

13   **JURISDICTION AND VENUE**

14   12.    This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

15   13.    Defendants contend that this Court has jurisdiction over this action pursuant to the Class

16   Action Fairness Act of 2005 ("CAFA") because "the matter in controversy exceeds the sum or value of

17   $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of

18   plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists

19   of more than 100 members.  28 U.S.C. § 1332(d).  *See* Defendants' Notice of Removal [ECF 1].  This

20   Court has personal jurisdiction over the Parties because Defendants have continually and systematically

21   conducted business in the State of California; likewise, Plaintiff's rights were violated in the State of

22   California and arose out of his contact with Defendants in California.

23   14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of

24   the acts and omissions alleged herein took place in this District, as Plaintiff resides in this District, and

25   received a call from Defendants in this District. Plaintiff is informed and believes, and based thereon

26   alleges, that each Defendant acted as the agent, servant, employee, joint venturer, or alter ego of the

27   other Defendants, with the legal authority to act on the others' behalf, and that the acts and omissions of

28   each Defendant were in accordance with, and represent, the official practice and policy of Defendants.

FIRST AMENDED COMPLAINT                                    Case No.: 3:18-cv-07304-VC

1    Plaintiff is further informed and believes, and based thereon alleges, that each Defendant acted within

2    the scope of such agency, or ratified each and every act or omission alleged herein.  In addition, Plaintiff

3    is informed and believes, and based thereon alleges, that each Defendant aided and abetted each and

4    every act or omission alleged herein.  Likewise, Plaintiff is informed and believes, and based thereon

5    alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for

6    each and every act or omission alleged herein.

7                    **ALLEGATIONS CONCERNING DEFENDANT'S UNLAWFUL RECORDING**

8           15.    Andersen Corporation is an international window and door manufacturing enterprise with

9    $2.5 billion in annual sales for the fiscal year ending in 2016.  Renewal by Andersen LLC is a wholly

10   owned subsidiary of Andersen Corporation and, operating under the Renewal by Andersen brand, offers

11   a comprehensive replacement process that includes in-home consultation, custom manufacturing, and

12   installation through a nationwide network of specialists, including in California.[1]

13          16.    On or about August 25, 2018, Plaintiff requested a consultation with Renewal by

14   Andersen by submitting his contact information through the Renewal by Andersen website.  On or about

15   August 26, 2018, he received a call from a Renewal by Andersen representative to schedule his

16   appointment.  Plaintiff is informed and believes, and based thereon alleges, that this call was recorded.

17   At no time was Plaintiff informed that this call was being recorded; nor did Plaintiff provide any consent

18   to be recorded.

19          17.    Plaintiff is informed and believes, and based thereon alleges, that Andersen has a practice

20   and policy of calling consumers who have requested consultations to schedule appointments, and again

21   to confirm the appointment before a representative makes a house call.  Plaintiff is further informed and

22   believes, and based thereon alleges, that Andersen has a practice and policy of recording all such

23   outgoing calls, without informing the consumers or obtaining consent from them.

24                                 **CLASS-ACTION ALLEGATIONS**

25          18.    Plaintiff seeks to represent the following Class pursuant to Federal Rules of Civil

26   Procedure 23(a), (b)(2) and/or (b)(3):

27          All persons located in California who received an outgoing telephone call from or on behalf of

28
_____
[1] https://en.wikipedia.org/wiki/Andersen_Corporation (last visited 10/23/18)

FIRST AMENDED COMPLAINT                                    Case No.: 3:18-cv-07304-VC

1      Renewal by Andersen on their respective cellular telephones at any time prior to the filing of the

2      initial Complaint through the date of class certification.

3      Excluded from the Class are (1) Andersen, any entity or division in which Andersen has a

4      controlling interest, and Andersen's legal representatives, officers, directors, assigns, and

5      successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those

6      persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff

7      reserves the right to amend the Class definition, and to add subclasses, if discovery and further

8      investigation reveal that the Class should be expanded or otherwise modified.

9      19. **Numerosity.**  Although the exact number of Class Members is uncertain and can only be

10 ascertained through appropriate discovery, the number is great enough such that joinder would be

11 impracticable.  The disposition of the claims of these Class Members in a single action will provide

12 substantial benefits to all parties and the Court.  The Class Members are readily identifiable from, *inter*

13 *alia*, information and records in Andersen's possession, custody, or control.

14      20. **Typicality.**  The claims of the representative Plaintiff are typical of the claims of the

15 Class in that he, like all Class Members, was called by Andersen on his cellular telephone and his call

16 was recorded without his knowledge or consent.  Thus, Plaintiff, like the Class, is entitled to statutory

17 damages of $5,000 per violation pursuant to California Penal Code sections 632.7 and 637.2.  Further,

18 the factual bases of Andersen's misconduct are common to all Class Members and represent a

19 common thread of fraudulent, deliberate, and/or grossly negligent misconduct resulting in injury to all

20 Class Members.

21      21. **Commonality.**  There are numerous questions of law and fact common to Plaintiff and

22 the Class that predominate over any question affecting only individual Class Members.  These

23 common legal and factual questions include the following:

24          a)      Whether Andersen has a policy of recording outgoing calls made to consumers;

25          b)      Whether Andersen has a policy of not disclosing that outgoing calls made to

26 consumers are being recorded; and

27          c)      Whether Andersen's failure to disclose that outgoing calls made to consumers are

28 being recorded violates section 632.7 of CIPA.

---

FIRST AMENDED COMPLAINT                         Case No.: 3:18-cv-07304-VC

1    22.    **Adequate Representation.**  Plaintiff will fairly and adequately protect the interests of

2  Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions,

3  including consumer privacy class actions, and he intends to prosecute this action vigorously.

4    23.    **Predominance and Superiority.**  Plaintiff and the Class Members have all suffered

5  irreparable harm as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, most

6  Class Members would likely find the cost of litigating their claims prohibitively high and would

7  therefore have no effective remedy at law.  Because of the relatively small size of each individual Class

8  Member's claim, it is likely that only a few Class Members could afford to seek legal redress for

9  Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and

10  Defendant's misconduct will continue without remedy.  Class treatment of common questions of law

11  and fact would also be superior to multiple individual actions or piecemeal litigation, since class

12  treatment will conserve the resources of the Court and the litigants and will promote consistency and

13  efficiency of adjudication.

14  **TOLLING OF THE STATUTE OF LIMITATIONS**

15    24.    Defendants' unlawful call recording was performed in secret.

16    25.    As a result, despite their due diligence, Class Members were not reasonably able to

17  discover their calls were being recorded and the discovery rule applies to their claims.

18    26.    Therefore, to the extent that the Class definition includes individuals whose calls were

19  recorded more than one year from the date the present action was filed, the claims of such individuals

20  have been tolled by Defendants' active concealment of their illegal conduct.

21  **FIRST CAUSE OF ACTION**

22  (Invasion of Privacy:  Violation of Cal. Penal Code Section § 632.7)

23    27.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

24  forth above.

25    28.    Penal Code section 632.7, in pertinent part, states that "[e]very person who, without the

26  consent of all parties to a communication, intercepts or receives and intentionally records, or assists in

27  the interception or reception and intentional recordation of, a communication transmitted between two

28  cellular radio telephones [or] a cellular radio telephone and a landline telephone . . . shall be punished by

FIRST AMENDED COMPLAINT                                          Case No.: 3:18-cv-07304-VC

1  a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not

2  exceeding one year." Cal. Penal Code § 632.7(a). Thus on its face, section 632.7 precludes the

3  recording of any communications involving a cellular telephone without the consent of all parties to the

4  communication.

5       29.    Plaintiff is informed and believes, and thereupon alleges, that Defendants knowingly

6  violated section 632.7 by intentionally recording outgoing calls made to consumers, including calls with

7  persons using cellular telephones.

8       30.    Penal Code section 637.2 states all persons whose respective communications have been

9  recorded in violation of section 632.7 "may bring a civil action against the person who committed the

10  violation for . . . [f]ive thousand dollars ($5,000) per violation," as well as "an action to enjoin and

11  restrain any [such] violation." *Id.* § 637.2(a)–(b). Based on the foregoing, Plaintiff and Class Members

12  are entitled to, and below herein do pray for, their statutory remedies and damages, including, but not

13  limited to, those set forth in section 637.2.

14      31.    Since this case is brought for the purpose of enforcing important rights affecting the

15  public interest, Plaintiff and the Class seek recovery of their attorneys' fees pursuant to the private

16  attorney general doctrine codified in Code of Civil Procedure section 1021.5, or any other applicable

17  statute.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

FIRST AMENDED COMPLAINT                                    Case No.: 3:18-cv-07304-VC

1

**PRAYER FOR RELIEF**

2

     **WHEREFORE**, Plaintiff prays for judgment as follows:

3

    1.      An order certifying the Class under Federal Rule of Civil Procedure 23;

4

    2.      $5,000 per violation of section 632.7 for Plaintiff and each member of the Class;

5

    3.      Injunctive relief in the form of an order preliminarily and permanently enjoining

6

Defendants from recording telephone conversations with California residents, including Plaintiff and the

7

Class, without their prior consent;

8

    4.      Exemplary or punitive damages;

9

    5.      An award of attorneys' fees and costs, as allowed by law, including, but not limited to,

10

pursuant to California Code of Civil Procedure Section 1021.5;

11

    6.      An award of pre-judgment and post-judgment interest, as provided by law;

12

    7.      Leave to amend the Complaint to conform to the evidence produced at trial; and

13

    8.      Such other relief as may be appropriate under the circumstances.

14

15

Dated: April 30, 2019               **GREENSTONE LAW APC**

16

17

By:   /s/ *Mark S. Greenstone*
Mark S. Greenstone

18

1925 Century Park East, Suite 2100
Los Angeles, California 90067

19

Telephone: (310) 201-9156
Facsimile: (310) 201-9160

20

E-mail: mgreenstone@greenstonelaw.com

21

**GLANCY PRONGAY & MURRAY LLP**

22

Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)

23

Danielle L. Manning (SBN 313272)
1925 Century Park East, Suite 2100

24

Los Angeles, California 90067
Telephone: (310) 201-9150

25

Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

26

27

28

FIRST AMENDED COMPLAINT               Case No.: 3:18-cv-07304-VC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JAURIGUE LAW GROUP**
Michael J. Jaurigue (SBN 208123)
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone:  (818) 630-7280
Facsimile:  (888) 879-1697
E-mail:  michael@jlglawyers.com

*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT

Case No.: 3:18-cv-07304-VC

8

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury as to all causes of action.


Dated:  April 30, 2019                              **GREENSTONE LAW APC**


By:  ___/s/ *Mark S. Greenstone*_____
Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9156
Facsimile:  (310) 201-9160
E-mail:  mgreenstone@greenstonelaw.com

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Danielle L. Manning (SBN 313272)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
E-mail:  info@glancylaw.com

**JAURIGUE LAW GROUP**
Michael J. Jaurigue (SBN 208123)
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone:  (818) 630-7280
Facsimile:  (888) 879-1697
E-mail:  michael@jlglawyers.com

*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT                    Case No.: 3:18-cv-07304-VC

**PROOF OF SERVICE BY ELECTRONIC POSTING**

1

I, the undersigned say:

2

I am not a party to the above case, and am over eighteen years old.  On April 30, 2019, I served true

3

4

and correct copies of the foregoing document, by posting the document electronically to the ECF website of

5

the United States District Court for the Northern District of California, for receipt electronically by the

6

parties listed on the Court's Service List.

7

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is

8

true and correct.  Executed on April 30, 2019, at Los Angeles, California.

9

10

*s/ Mark S. Greenstone*
Mark S. Greenstone

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28