1  GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
2  Marc L. Godino (SBN 182689)
Danielle L. Manning (SBN 313272)
3  1925 Century Park East, Suite 2100
Los Angeles, California 90067
4  Telephone: (310) 201-9150
Facsimile: (310) 201-9160
5  E-mail: mgodino@glancylaw.com
E-mail: dmanning@glancylaw.com
6
GREENSTONE LAW APC
7  Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
8  Los Angeles, California 90067
Telephone: (310) 201-9156
9  Facsimile: (310) 201-9160
E-mail: mgreenstone@greenstonelaw.com
10 *Attorneys for Plaintiff John Luna*

11 TUCKER ELLIS LLP
LANCE WILSON SBN 183852
12 lance.wilson@tuckerellis.com
201 Mission Street, Suite 2310
13 San Francisco, CA 94105
Telephone: 415-617-2400
14 Facsimile: 415-617-2409
*Attorneys for Defendants*

(additional parties continued on next page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LUNA, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RENEWAL BY ANDERSEN LLC; ANDERSEN CORPORATION; JEMICO LLC d/b/a RENEWAL BY ANDERSEN OF SAN FRANCISCO, LONG ISLAND CUSTOM WINDOWS LLC d/b/a RENEWAL BY ANDERSEN OF LONG ISLAND, and MOORE HOLDINGS LLC,<br><br>Defendant. | Case No. 3:18-cv-07304-vc<br><br>**STIPULATED REQUEST FOR DISMISSAL AND [PROPOSED] ORDER** |

JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: (818) 630-7280
Facsimile: (888) 879-1697
E-mail: michael@jlglawyers.com
Attorneys for Plaintiff John Luna

*Attorneys for Plaintiff John Luna*

BERENSON LLP
D.S. BERENSON
dsb@berensonllp.com
ALLAN L. WAINWRIGHT
alw@berensonllp.com
4495 Military Trial, Suite 203
Jupiter, FL 33458
Telephone: 561-429-4496
Facsimile: 703-759-1051
*Pro Hac Vice applications to be submitted*

*Attorneys for Defendants*

Pursuant to F.R.C.P. 41(a)(1)(A)(ii) and Paragraph 48 of the Court's Standing Order for Civil Cases,[1] Plaintiff and Defendants Renewal by Andersen, LLC ("Andersen"), Jemico, LLC d/b/a Renewal by Andersen of San Francisco ("Jemico"), Long Island Custom Windows, LLC d/b/a/ Renewal by Andersen of Long Island ("Long Island") and Moore Holdings, LLC ("Moore") hereby jointly and respectfully submit this request for approval of the dismissal of Plaintiff's individual claims with prejudice and the putative class claims without prejudice. The Parties further jointly and respectfully submit that, because there has been no publicity surrounding this case and no unnamed class members will be prejudiced (or even bound) by the dismissal, there is no need for notice. A proposed order to this effect is set forth at the end of this pleading, and Plaintiff and Defendant hereby jointly and respectfully request that the Court enter this proposed order.

## I. Factual Background And Procedural History

On November 1, 2018, Plaintiff filed the instant putative class action in the Superior Court of the State of California for the County of Santa Clara, entitled *John Luna, et al. v. Renewal by Andersen, LLC, et al.*, Case No. CIV537393. The complaint alleged that Defendants violated California Penal Code section 632.7 by recording outbound calls to customers who were using cellular or mobile phones.

On December 3, 2018, Defendants removed the action to the United States District for the Northern District of California, and the action is now captioned *John Luna, et al. v. Renewal by Andersen, LLC, et al.*, No. 18-CV-07304 ("Federal Action"). On April 30, 2019, Plaintiff filed a First Amended Complaint against Renewal by Andersen, LLC ("Andersen"), Andersen Corporation, Jemico, LLC d/b/a Renewal by Andersen of San Francisco ("Jemico"), Long Island

---

[1] The Standing Order states: "In the event of a pre-certification settlement or dismissal of a proposed class action, the named plaintiffs may not simply dismiss the lawsuit without court approval. Rather, the parties must submit a request for dismissal explaining how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by the settlement. In particular, the parties must consider whether the unnamed class members need to be notified of the dismissal. *See, e.g.*, *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.*, No. 11-cv-01232-CW, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012); *see also Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)."

and Moore Holdings, LLC ("Moore") (collectively, "Defendants"). On June 11, 2019 the Parties filed a stipulation and proposed order dismissing Andersen Corporation without prejudice from the Federal Action, which the Court entered on June 14, 2019.

Once again, the sole claim in this action is that Defendants allegedly recorded outbound telephone calls to the cellular telephones of Plaintiff and putative class members without disclosing such calls were being recorded in violation of California Penal Code Section 632.7. Defendants have denied and continue to deny all allegations of wrongdoing made in the Action by Plaintiff and the putative class members.

On December 20, 2019, the Fourth District, Division Two of the California Court of Appeal held in *Smith v. LoanMe, Inc.*, 43 Cal. App. 5th 844 (Ct. App. 2019), that Section 632.7 applies only to third party eavesdroppers, not alleged parties to a call such as the Defendants here. As this Court has noted, federal courts have a "duty" to follow California Court of Appeal precedent unless "it is in tension with the law as stated by the California Supreme Court." *Am. Guarantee and Liability Ins. Co. v. Technichem, Inc.*, 2016 WL 3844329, at n.1 (N.D. Cal. July 15, 2016); *see also Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) ("[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts.") It is Defendants' position that this precedent precludes the claim asserted in this action as a matter of law. After further investigation (including extensive discovery) into the facts underlying Plaintiff's claims and into the likelihood of obtaining any recovery for either himself or the putative class even if the litigation proceeds, including assessment of *LoanMe*, Plaintiff and his counsel believe that the dismissal requested here is the best course for an efficient resolution of Plaintiff's individual claims without prejudice to absent class members. The Court Should Dismiss Plaintiff's Individual Claims With Prejudice and the Putative Class Claims Without Prejudice and Without Requiring Notice to the Putative Class.

Under the Court's Standing Order, the parties to a putative class action seeking a pre-certification dismissal of the action must "submit a request for dismissal explaining how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by

the settlement," and must consider in particular "whether the unnamed class members need to be notified of the dismissal." The Standing Order cites several cases—all of which rely on *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1986)—discussing the factors for evaluating a pre-certification settlement and dismissal. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.*, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012). These cases hold that under (at least the prior version of) Rule 23(e), a court must review and approve both pre- and post-certification dismissals, but a pre-certification dismissal review takes "a much lighter form that does not entail the kind of substantive oversight required when reviewing a settlement binding upon the class." *See, e.g., Tombline*, 2014 WL 5140048, at *2 (citing *Diaz*, 876 F.2d at 1408).

To determine whether pre-certification dismissal is appropriate, "the Court must inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408); *see also Tombline*, 2014 WL 5140048, at *2. The purpose of this review is to assess whether there are unusual circumstances that would necessitate notice to absent class members prior to the dismissal. *Diaz*, 876 F.2d at 1408 ("In no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene.") The Ninth Circuit "emphasized" in *Diaz* that notice "to the class of pre-certification dismissal is not … required in all circumstances." *Tombline*, 2014 WL 5140048, at *2 (citing *Diaz*, 876 F.2d at 1408-09). Instead, notice may be appropriate only if the "putative class members might be subject to prejudicial or unfair impacts" from the dismissal. *Id*.

Here, the *Diaz* factors for approving a pre-certification dismissal are clearly satisfied.

### A. Class Members Have Not Relied To Their Detriment On This Lawsuit

First, there is no evidence that unnamed class members relied on this lawsuit at all, much less to their detriment, such that they will be prejudiced by the dismissal. The Parties are unaware of any media coverage regarding the lawsuit, and Plaintiff's counsel have not received any communications from any putative class members about the case.

### B. Class Members Do Not Face A Rapidly Approaching Statute Of Limitations

Second, even if some putative class members have relied on this lawsuit, there is no "rapidly approaching statute of limitations" that would render them without sufficient time to pursue relief. The complaint was filed in November 2018 and addressed conduct allegedly taking place up to that point. As many courts in this circuit have recognized in approving pre-certification dismissals, the "filing of the class action complaint toll[s] the statute of limitations, which will not resume running until [Plaintiffs'] class claims are dismissed." *See, e.g., Tombline*, 2014 WL 5140048, at *3 (internal citations omitted); *Lyons*, 2012 WL 5940846, at *2 ("What's more, these claims would not be time-barred because of the class action tolling doctrine."); *Houston*, 2009 WL 921627, at *2 ("[T]he statute of limitations has been tolled since the lawsuit was filed."); *Diaz*, 876 F.2d at 1407 (citing *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974) (filing of class action tolls statute of limitations on individual claims covered by class action)).

Here, of course, only Plaintiff's individual claims are being dismissed with prejudice, and so absent class members can make use of *American Pipe* tolling should one of them wish to assert his or her own individual claim. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Under this rule, if the case is dismissed before certification as requested here, and an absent class member then brings his or her own individual claim for the same wrong, then the statute of limitations will be deemed tolled during the pendency of the prior putative class action until the date of dismissal. *See American Pipe*, 414 U.S. at 561; *see also China Agritech, Inc. v.*

*Resh*, ⸺ U.S. ⸺, 138 S. Ct. 1800, 201 L.Ed.2d 123 (2018); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987).

Thus, because absent class members will not "face a short fuse on pursuing the claims to be dismissed," this *Diaz* factor favors dismissal without notice.

### C. There Was No Collusion Or Concession Of Class Interests

Third, and finally, there has been no concession of class interests – the claims of the absent class members are being dismissed without prejudice. *See, e.g., Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408) ("because the parties intend to dismiss the class claims without prejudice, absent class members would still be able to bring suit against Defendants."); *see also Tombline*, 2014 WL 5140048, at *3 ("Because the settlement does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced."); *Houston*, 2009 WL 921627, at *2 ("[T]he parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members."). To the extent class members still have viable claims in the wake of *LoanMe*, such claims will not be compromised by the dismissal of this matter.

In sum, the *Diaz* factors—individually, and together—favor approving the dismissal requested without notice.

## II. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the proposed order and dismiss Plaintiff's individual claims with prejudice and the putative class claims without prejudice.

| | | |
|---|---|---|
| 1 | DATED: March 3, 2020 | GREENSTONE LAW APC |

By: ___/s/ Mark S. Greenstone___
     Mark S. Greenstone
     1925 Century Park East, Suite 2100
     Los Angeles, California 90067
     Telephone: (310) 201-9156
     Facsimile: (310) 201-9160
     E-mail: mgreenstone@greenstonelaw.com

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Danielle L. Manning (SBN 313272)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: mgodino@glancylaw.com
E-mail: dmanning@glancylaw.com

JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: (818) 630-7280
Facsimile: (888) 879-1697
E-mail: michael@jlglawyers.com

*Attorneys for Plaintiff*

516762.1          -8-          Case No. 3:18-cv-07304-vc
STIPULATED REQUEST FOR DISMISSAL AND [PROPOSED] ORDER

| | | |
|---|---|---|
| DATED: March 3, 2020 | | TUCKER ELLIS LLP |

By:     /s/ Lance Wilson
        Lance Wilson
        201 Mission Street, Suite 2310
        San Francisco, CA 94105
        Telephone: 415-617-2400
        Facsimile: 415-617-2409
        Email: lance.wilson@tuckerellis.com

        BERENSON LLP
        D.S. Berenson
        Allan L. Wainwright
        4495 Military Trial, Suite 203
        Jupiter, Florida 33458
        Telephone: 561-429-4496
        Facsimile: 703-759-1051
        E-mail: dsb@berensonllp.com
        alw@berensonllp.com
        *Pro Hac Vice applications to be submitted*

        *Attorneys for Defendant*

| | **[PROPOSED] ORDER** |
|---|---|

This action is hereby dismissed with prejudice to as to Plaintiff's claims and without prejudice as to any claims of any absent or unnamed members of the putative class. **PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: March 3, 2020

Hon. Vince Chhabria
*United States District Court*